IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ESTATE OF BOBBY MAYS ) | Case No.1:17-cv-00095 |
| Plaintiff ) | Judge Waverly D. Crenshaw, Jr. |
| ) | Magistrate Judge Jeffery S. Frensley |
| v. ) | |
| ) | |
| Nationstar Mortgage LLC ) | |
| Ocwen Loan Servicing, LLC ) | |
| ) | |
| Defendants ) | |

**AMENDED CIVIL ACTION COMPLAINT**

**Introduction**

1. This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB). This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA").

2. This action is filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR Section 1024.41 of Regulation X.

3. This is also an action for violations of the Fair Debt Collection Practices Act ("FDCPA") and for violations of T.C.A. 30-2-310.

**Jurisdiction and Venue**

4. The jurisdiction of this Court arises under 28 U.S.C. § 1331.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code and jurisdiction to hear the claims for relief under the Truth in Lending pursuant to 15 U.S.C.A. § 1641. This court also has jurisdiction to hear the Fair Debt Collection Practices Act violation pursuant to Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon § 1331 of Title 28 of the United States Code.

6. This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

7. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## Parties

8. Plaintiff, Bobby Mays. was a citizen and resident of Maury County TN. He is hereinafter referred to as the "Plaintiff".

9. Defendant, Nationstar AKA Mr. Cooper, is a mortgage servicing company and can be served through its registered agent National Registered Agent, Corporation Service Company, 2908 Poston Ave, Nashville TN 37203-1312, hereafter "NSM". Defendant, Ocwen Loan Servicing LLC is also a mortgage servicing company and can be served through its registered agent National Registered Agent, Corporation Service Company, 2908 Poston Ave, Nashville TN 37203-1312, hereafter "OLS".

## Factual Allegations

10. Bobby Mays executed a promissory note on February 8, 2011, with Reliance First Capital LLC. The note is secured by a Deed of Trust on the subject property.

11. Prior to Bobby Mays' passing, the loan servicing transferred to OLS and subsequently to NMSM as of April 16, 2015.

12. Bobby Mays passed away on January 3, 2016, certificate of death attached as Exhibit 1.

13. Plaintiff initiated a probate for Bobby Mays and letters of administration were issued.

14. Michael Mays is the named administer of Bobby Mays' estate.

15. Following Bobby Mays death and throughout the probate process, Plaintiff would receive monthly billing statement from the NSM.

16. These statements all reference "optional insurance". A number of the statements are attached collectively as Exhibit 2.

17. On June 20, 2016 the Defendant received the Plaintiff's June 14, 2016, request pursuant to Regulation X, RESPA, requesting only a complete list of any and all optional products and/or services for the Bobby Mays' loan for the last six years and proof of the payments made to cover any and all optional products and/or services for Bobby Mays' loan for the last six years, copy attached as Exhibit 3. The Defendant did not provide the requested information. The Defendant is attempting to comply by sending a letter identifying two companies, attached as Exhibit 4, and a partial account history, attached as Exhibit 5.

18. On July 25, 2017 the Defendant received the Plaintiff's July 17, 2017, notice of error pursuant to Regulation X, RESPA, requesting that the Defendant provide copies of documents

signed by Bobby Mays and copies of the actual policies. In addition, the Plaintiff requested that the monies be refunded, attached as Exhibit 6.

19. The delay between the notice of error and the request for information involved Plaintiff's counsel calling the numbers Defendant provided and attempting to understand how these optional charges continue to show up on the monthly billing statement. Based on information and belief, Bobby Mays was enticed to enroll in optional warranty or insurance products through OLS. OLS continued to accept payments for optional products through Bobby Mays' escrow. Both OLS and NSM continue to allow these products despite Bobby Mays never requesting such products, despite the probate and despite the request to discontinue.

20. The Plaintiff also attaches for reference, the Defendant's annual escrow disclosure as Exhibit 6.

### Fist Claim for Relief (NSM): RESPA (Reg X)

21. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

22. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

23. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

24. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

25. NSM in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is NSM a "qualified lender," as defined in 12 CFR 617.7000.

26. The Plaintiff is asserting a claim for relief against NSM for breach of the specific Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

27. On June 20, 2016, NSM received the Plaintiff's June 14, 2016, request pursuant to Regulation X, RESPA, requesting only a complete list of any and all optional products and/or services for the Bobby Mays' loan for the last six years and proof of the payments made to cover any and all optional products and/or services for Bobby Mays' loan for the last six years

28. The request was made by certified mail, having a tracking number 70153010000236169617. The request was mailed to the address noticed by NSM's periodic billing statement for requesting such information as provided for by 12 C.F.R. §1024.36(b).

29. The thirty business day time period to provide the requested information expired on July 20, 2016.

30. The Plaintiff did not receive the requested information.

31. As a result of this lack of compliance by NSM, NSM is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00.

The Plaintiff has been damaged by the NSM's lack of compliance and not providing the requested information.

### Second Claim for Relief (NSM): RESPA (Reg X)

32. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

33. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

34. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

35. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

36. NSM in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is NSM a "qualified lender," as defined in 12 CFR 617.7000.

37. The Plaintiff is asserting a claim for relief against NSM for breach of the specific Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

38. On July 25, 2017, NSM received the Plaintiff's July 17, 2017, notice of error pursuant to Regulation X, RESPA, requesting that NSM provide copies of documents signed by Bobby Mays and copies of the actual policies. In addition, the Plaintiff requested that the monies be refunded.

39. The request was made by certified mail, having a tracking number 70153010000236180148. The request was mailed to the address noticed by NSM's periodic billing statement for noticing such information as provided for by 12 C.F.R. §1024.36(b).

40. The thirty business day time period to provide the requested information expired on September 6, 2017.

41. The Plaintiff did not receive the requested information.

42. As a result of this lack of compliance by NSM, NSM is liable to the Plaintiff for actual damages, costs, legal fees and, with a pattern and practice, statutory damages of up to $2,000.00. The Plaintiff has been damaged by the NSM's lack of compliance and not providing the requested information.

**Third Claim violation of the Fair Debt Collections Practices Act (OLS) & (NSM)**

43 The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

44. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e.

45. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation. Eastman v. Baker Recovery Services (In re Eastman), 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009); see also Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997). Because the FDCPA imposes strict liability, there is no requirement that the actions taken by a debt collector "be intentional or actionable." Eastman, 419 B.R. at 728 (citing Pittman v. J.J. Mac Intyre Co., 969 F. Supp. 609, 613 (D. Nev. 1997)).

46. The FDCPA is also a remedial statute, and therefore must be construed liberally in favor of the debtor. Serna v. Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440, 445 (5th Cir. 2013)(quoting Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002)).

47. Both Defendants in this case are debt collector as defined in 15 U.S.C. § 1692a. Specifically, both Defendant's appear to be collecting monies for third parties through the servicing of Bobby Mays' loan.

48. The Defendants' were attempting to collect a consumer debt as defined in 15 U.S.C. § 1692a.

49. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a.

50. Defendants' violated 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2) and (10) specifically, by making false and/or misleading representations to Plaintiff regarding the nature of these optional products. OLS and NSM bills these as insurance, warranties and or optional products but no policies have been provided, see Exhibit 2. The breakdown that NSM provided to the Plaintiff seems to indicate there may be as many as three different "optional insurance" products but the billing statements only show one amount. NSM is also continuing to collect

these fees without assuming any contract through the probate estate. OLS bills these as either warranties, optional products and or insurance, attached as Exhibit 8.

51. Defendants' violated 15 U.S.C. § 1692f generally, and 15 U.S.C. § 1692f(1) specifically, by attempting to collect illegal monetary amounts from the Plaintiff. No contracts signed by Bobby Mays have been provided. The partial accounting from NSM references these amounts as fees, see Exhibit 5. The annual escrow identifies optional insurance but then does not show the actual payments from the escrow history, see Exhibit 7. OLS bills these as either warranties, optional products and or insurance, attached as Exhibit 8.

52. Upon information and belief, both OLS and NSM's actions described herein are the manifestation of a pattern and practice of conduct by OLS and NSM which is either required, or not specifically prohibited by its policies and procedures and fair debt collection laws applicable to it, and to illegally collect or attempt to collect debts from unsophisticated debtors. Accordingly, OLS and NSM's actions constitute unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692f generally and §1692(f)(1) specifically.

53. As a direct and proximate result of the Defendants' violations of the FDCPA, Plaintiff has been damaged.

54. Plaintiff is entitled to and seek actual damages, statutory damages, and attorneys' fees as provided in 15 U.S.C. § 1692k.

### Fourth Claim- Violations of T.C.A. 30-2-310 (NSM)

55. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

56. NSM did not make claim against the probate estate for the assumption of any executory contracts signed by Bobby Mays.

57. More than 365 days have past and no claim was made so these claims are now barred and/or any executory contracts not assumed are deemed rejected.

58. By continuing to collect and ignoring the Plaintiffs request for proof of the agreement, proof of payments on the agreement and request to refund monies, NSM is in violation of T.C.A. 30-2-310.

## Fifth Claim- Fraud (NSM)

59. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

60. Defendants made material representations to the Plaintiff, Exhibits 2, 4, 5 and 8. Specifically, NSM continually identifies optional insurance products in accurate amounts and continues, despite knowledge that the Plaintiff has not assumed any contracts for optional insurance, to collect on a monthly basis.

61. NSM's material representations were false as set forth herein.

62. When NSM made these specific material representations, it (i) knew that the material representations were false, or (ii) made the material representations recklessly without any knowledge of its truth and as a positive assertion.

63. Plaintiff has suffered damages as a result of NSM's specific material misrepresentation.

## Actual Damages

64. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

65. In this action, the Plaintiff has suffered the following actual damages:

      a. Attorney fees
      b. Mailings
      c. Cost
      d. The monies collected as "insurance" but accounted as fees to the Defendant.
      g. Emotional distress

**WHEREFORE**, the Plaintiff having set forth the claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff recovers from NSM actual and statutory damages and attorney's fees based on the Plaintiff 's first claim for relief under the provisions of RESPA (Reg. X) (paragraphs 21-31, 64-65), the factual allegations and CFR 1024.36, 1024.41 of Regulation X.

B. That the Plaintiff recovers from NSM actual and statutory damages and attorney's fees based on the Plaintiff 's first claim for relief under the provisions of RESPA (Reg. X) (paragraphs 32-42, 64-65), the factual allegations and CFR 1024.36, 1024.41 of Regulation X.

C. That the Plaintiff recovers from the Defendants actual and statutory damages and attorney's fees based on the Plaintiff's claim for relief under the provisions of FDCPA, (paragraphs 43-54, 64-65), and 15 U.S.C. § 1692.

D. That the Plaintiff recovers any further relief as the Court may deem just and Proper for NSM's violations of T.C.A. 30-2-310, including but limited to, exemplary damages that deter NSM from future similar conduct (paragraphs 55-58, 64-65).

E. Based on the Plaintiff fifth claim for relief, that the Plaintiff be awarded equitable relief, including but limited to injunctive relief, compensatory and punitive damages including attorney's fees, for NSM's fraud (paragraphs 59-65).

F. That the Plaintiff recovers all reasonable legal fees and expenses incurred by the

Plaintiff's attorney.

Date this the  6th  day of    June   , 2018.

Harlan, Slocum & Quillen,

/s/ Keith D Slocum
by: Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com

Exhibit List:

Exhibit 1:	Death Certificate
Exhibit 2:	NSM's Statements
Exhibit 3:	RFI
Exhibit 4:	Letter regarding company info
Exhibit 5:	Defendant's partial accounting history
Exhibit 6:	NOE
Exhibit 7:	Annual Escrow Disclosure
Exhibit 8:	OLS' Statements